UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD JESSE BROWNLEE, <br><br> Plaintiff, <br><br> v. <br><br> SOUTH BEND POLICE DEPARTMENT, et al., <br><br> Defendants. | CAUSE NO. 3:24-CV-389-GSL-JEM |

OPINION AND ORDER

Ronald Jesse Brownlee, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Brownlee alleges he was taken into custody at the St. Joseph County Jail by officers from the South Bend Police Department on November 21, 2023.[1] He "did not see a magistrate judge" until November 27, 2023.[2] ECF 1 at 2. Brownlee states the "unlawful practice" of holding him "for investigation for periods exceeding twenty-four (24) hours without filing charges" and without bringing him "before a magistrate for a determination of whether the Police have the requisite probable cause" to hold him violates the Fourth Amendment and Indiana law. *Id*. He has sued the St. Joseph County Jail and the South Bend Police Department for monetary damages.

As an initial matter, the South Bend Police Department is not a suable entity for purposes of 42 U.S.C. § 1983. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Neither is the St. Joseph County Jail because it is a building rather than an individual or even a policy-making unit of government that can be sued. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity).

Moreover, even if Brownlee had named a proper defendant, he has not stated any viable claims. A "prompt" determination of probable cause following an arrest is required by the Fourth Amendment. *Mitchell v. Doherty*, 37 F.4th 1277, 1279–80 (7th Cir.

---

[1] His booking date and time is listed as November 21, 2023, at 3:30 P.M. *See* St. Joseph County Jail's website "Inmate Search" for Ronald Brownlee at: https://sjcpd.org/jail/ (last visited May 30, 2024).

[2] The court notes that November 21, 2023, was a Tuesday, with Thanksgiving falling on Thursday, November 23, 2023. Brownlee admits he was brought before a magistrate following the holiday weekend on Monday, November 27, 2023.

2022). The Seventh Circuit recently discussed the question of what "prompt" means by analyzing two key Supreme Court cases on the issue—*Gerstein v. Pugh*, 420 U.S. 103 (1975) and *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). In *Riverside*, the county was sued for allegedly delaying probable cause determinations:

> The county provided probable-cause determinations within forty-eight hours for a business week but excluded weekends and holidays from this calculation. Thus, a person arrested over the Thanksgiving holiday could be held for seven days—arrested on a Tuesday with no hearing until the following Monday. The district court imposed an injunction mandating that all persons arrested be given a probable-cause determination within thirty-six hours, regardless of weekends or holidays. The Court of Appeals affirmed the order granting the injunction, and the county appealed.

*Mitchell*, 37 F.4th at 1280 (internal citations omitted). The Supreme Court reversed the injunction, noting that "[s]tates have a strong interest in promoting public safety, and the demands of federalism require flexibility and experimentation." *Id.* (internal quotation marks and citation omitted). Although a balancing of harms was recognized, the Court concluded that probable cause determinations made within forty-eight hours of an arrest will generally "comply with the promptness requirement of *Gerstein* . . .." *Id.* (quoting *Riverside,* 500 U.S. at 56).[3]

The standard is effectively the same under the Indiana Constitution. "An individual detained following a warrantless arrest is entitled to a 'prompt' judicial determination of probable cause as a prerequisite to any further restraint on his liberty."

---

[3] That said, if the probable cause determination is unreasonably delayed "for the purpose of gathering additional evidence to justify the arrest" or "motivated by ill will against the arrested individual," a plaintiff may still be able to prove a violation of the Fourth Amendment. *Mitchell*, 37 F.4th at 1280 (quoting *Riverside*, 500 U.S. at 56).

*Stafford v. State*, 890 N.E.2d 744, 749 n.9 (Ind. App. 2008) (citing *Griffith v. State*, 788 N.E.2d 835, 840 (Ind. 2003) and *Gerstein*, 420 U.S. at 114). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id.* (quoting *Riverside*, 500 U.S. at 56).

Here, Brownlee's allegations focus on the timing of the probable cause determination, which he claims did not occur until November 27, 2023, when he first saw a magistrate judge. However, the state court electronic docket indicates a probable cause affidavit was filed on November 22, 2023, in connection with allegations against Brownlee for attempted murder, conspiracy to commit murder, aggravated battery, and battery by means of a deadly weapon. *See State of Ind. v. Brownlee*, cause no. 71D02-2311-F1-000015 (filed Nov. 22, 2023), available at: https://public.courts.in.gov/mycase (last visited May 30, 2024).[4] A document—signed by a judge of the St. Joseph Superior Court on November 22, 2023, at 11:11 a.m.—indicates probable cause was found by the judge and that Brownlee was "to be held for initial bail hearing on the 27th day of November 2023 at 1:00 p.m." *See id.*; *see also attached Ex. A*.[5] The fact that Brownlee may not have been aware a judicial probable cause determination had already been made—within the

---

[4] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

[5] Because this document is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of this filing to this order.

4

forty-eight hours mandated by both the federal and Indiana Constitution—until the initial hearing occurred, does not transform it into a constitutional violation. There is no requirement that an arrestee be present when probable cause is decided by a judge. Because Brownlee received a judicial determination of probable cause within forty-eight hours of his arrest as contemplated in *Gerstein* and *Riverside*, he has not stated a viable claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DIRECTS the clerk to attach the November 22, 2023, document from the St. Joseph Superior Court to this order as Exhibit A; and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state any viable claims.

SO ORDERED on May 31, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT